# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 10-CR-20014-D15
                                          Honorable Denise Page Hood

RICHARD SHANNON-D15,

        Defendant.

_____/

## ORDER DENYING MOTIONS
## FOR BOND PENDING SENTENCING

## I.      BACKGROUND

On October 26, 2012, Defendant Richard Shannon was convicted of one count of conspiracy to commit health care fraud.  On April 23, 2013, the Court entered an order denying Shannon's Motion for Judgment of Acquittal or for New Trial.  This matter is before the Court on Shannon's Renewed Motion for  Release on Bond Pending Sentencing.  The Court previously denied Shannon's request to be placed on bond pending sentencing at a hearing on July 9, 2013.  At the hearing, the Court also granted Shannon's request for new counsel.

New counsel filed the instant Renewed Motion for Release on Bond Pending

Sentencing filed September 25, 2013.  Shannon thereafter filed a "pro se" written document to support his request for release pending sentencing.  Shannon's sentencing is scheduled for October 29, 2013.

## II.   HYBRID REPRESENTATION

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one or, alternatively, to represent himself in such proceedings.  *Faretta v. California*, 422 U.S. 806 (1975).  However, a criminal defendant does not have a right to hybrid representation.  *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-922023 (6th Cir. 2004).  A court's discretion to reject hybrid representation may apply to the filing of motions.  *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother).  The Sixth Circuit's analysis in *Mosely* can be extended to the filing of motions.  *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished).

Given that Shannon is represented by counsel, the Court will not consider any

2

requests filed "pro se" by Shannon.

### III.    BOND PENDING SENTENCING

The defense acknowledged that 18 U.S.C. § 3143(a)(1) applies in this instance which requires that a defendant be detained unless the judicial officer finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  18 U.S.C. § 3143(a)(1).  The defense argues that the Court found previously on the record that Shannon was not a flight risk, even though he is facing a long sentence.  (Doc. #614, 7/9/13 Tr. at 15)  The defense further argues that although the Court found that Shannon was a danger to the community because he was arrested for a crime involving possession of drugs, the Court could impose appropriate bond restrictions which would minimize the danger to the community. The defense notes that Shannon is in need of serious medical attention, without specifying or supporting with any documentation the medical condition.  It is noted that during the July 9, 2013 hearing, medical issues were also raised.  In his "pro se" document to the Court, Shannon asserts he has a hernia condition and that he has yet to hear from the U.S. Marshal's office as to when the hernia surgery can be scheduled.

Shannon raises the same arguments as in his previous motion for bond pending sentencing.  Other than the medical issue, Shannon has raised nothing new.  It appears

that the U.S. Marshal is able to assist Shannon with this issue.  Shannon has not presented clear and convincing evidence that he is not a danger to the community as this Court ruled at the previous bond request hearing.  As this Court previously noted, Shannon committed another crime while on bond in this case.  In addition, at the time the instant motion was filed, Shannon's sentencing was a month away.  The October 29, 2013 sentencing is scheduled to move forward.

Accordingly,

IT IS ORDERED that Defendant Richard Shannon's Motion for Bond Modification and Revocation of Detention Order (Doc. No. 585, 5/31/2013) is DENIED for the reasons set forth on the record on July 9, 2013.

IT IS FURTHER ORDERED that Defendant Richard Shannon's Renewed Motions for a Hearing to be Released on Bond Pending Sentencing (Doc. No. 627, 9/25/13; Doc. No. 633, 10/16/2013) are DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4